UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
JUN 0 1 2016
CLERK

| | |
|---|---|
| CHAD DUBOIS,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL JOE HANVEY, Physician's Assistant, Mike Durfee State Prison, in his individual and official capacities; DR. MELVIN WALLINGA, Chief Physician, Mike Durfee State Prison, in his indidivual and official capacities; and<br>DR. MARY CARPENTER, Employee of South Dakota Department of Health, in her individual and official capacities,<br><br>                Defendants. | 4:15-CV-04134-LLP<br><br>ORDER GRANTING<br>MOTION IN PART AND<br>DENYING MOTION IN PART |

## INTRODUCTION

Plaintiff, Chad DuBois, filed this pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. DuBois is currently incarcerated at the South Dakota State Penitentiary in Sioux Falls. DuBois now moves the court to resend the documents filed in his case, appoint him counsel, order access to his medical diary, and grant him an extension. For the following reasons, DuBois' motion is granted in part and denied in part.

## FACTUAL BACKGROUND

According to DuBois' motion, he had spinal surgery on April 12, 2016. Docket 46 at ¶ 1. Defendants allege that he was housed in the prison infirmary

1

until April 20, 2016, when he was returned to his cell. Docket 47 at 2. DuBois explains that his legal documents were stored in two tote bags that he kept in his cell. Docket 46 at ¶ 4. He had one tote for his criminal case and one for his § 1983 claim. *Id.*

> Under Department of Corrections policy 1.3.C.4:
>
> When an inmate is temporarily removed from an assigned cell for medical care . . . staff shall ensure the inmate's property is promptly removed from the inmate's cell, packed, inventoried and stored in an approved, secure location. Allowable personal property shall be re-issued to the inmate upon their return.

DuBois alleges that the guards packed up the documents in his criminal case but not the documents for his § 1983 claim because when he returned to his cell, the tote containing his § 1983 documents was gone. Docket 46 at ¶ 4. Defendants allege that his property was inventoried and packed on April 17, 2016. Docket 47 at 2. They also allege that prison staff did not know DuBois had two totes. *Id.*

According to defendants, DuBois waited until May 12, 2016, to complain to prison staff that his legal documents were missing. *Id.* When a Unit Manager from the prison spoke with DuBois about the missing documents, DuBois allegedly claimed that he believed another inmate took the container his documents were stored in and threw the documents away. *Id* at 3. Defendants allege that prison staff searched for the documents but could not find them. *Id.*

DuBois also alleges that he is having issues filing motions because he cannot access legal resources. Because DuBois is in the community transitional program, he is not allowed to go to the prison library. Docket 46 at

2

¶ 5. He can only check out legal materials that he already knows the name of, and those materials can only be checked out on weekends. *Id.* DuBois does not know the name of the book he needs to file his motions. *Id.*

Finally, DuBois alleges that he has a diary consisting of all of the visits he made to health services at the prison. *Id.* at ¶ 6. He alleges that the prison is preventing him from receiving the diary because it is too many pages. *Id.* He believes it is important to his case because he logged visits to health services that are not in his medical record. *Id.* Defendants dispute the legitimacy and accuracy of this diary. Docket 47 at 4.

## DISCUSSION

The Court construes DuBois' motion as requesting the Court to re-send copies of documents filed in this case, grant a 30 day extension, order defendants to allow him his medical diary, and appoint an attorney.

### I. Lost Documents

DuBois requests that the court send him new copies of the filings in this case. Defendants agree to provide copies. Docket 47 at 3. They ask that they be given until May 31, 2016, to provide these documents to DuBois. *Id.* The Court grants this time. Because this resolves DuBois' issue, his motion is denied.

### II. 30 Day Extension

DuBois moves for a 30 day extension. Defendants believe he is moving for time to respond to their motion for summary judgment. Docket 47 at 3. DuBois motion, however, refers to the 30 day extension in his "last motion." Docket 46 at ¶ 7. His last motion requested "till June 1st . . . to fix the errors

that are on [sic] my Summary Judgment." Docket 44 at ¶ 4. The Court construes DuBois motion as requesting an extension to re-file his motion for summary judgment. The Court grants this extension.

### III. Medical Diary

DuBois moves the Court to force defendants to allow him access to his medical diary. In response, defendants question the legitimacy and accuracy of the diary. Docket 47 at 3-4. To the extent that DuBois moves the court to give him access to the diary, his motion is denied. This request concerns prison policies that are not part of DuBois' complaint and therefore not part of this case. As to the legitimacy and accuracy of the diary, however, the court makes no ruling because it would be inappropriate to do so at this time.

### IV. Motion to Appoint an Attorney

DuBois moves the Court to appoint an attorney for the limited purpose of refiling his motion for summary judgment. He references his lack of access to legal resources in support of this motion. Docket 46 at ¶ 5. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* The facts of DuBois' claims are not complex. DuBois appears able to adequately litigate his case at this time, and his motion to appoint counsel is therefore denied.

Because DuBois claims he does not understand the procedures to file a motion for summary judgment and supporting brief, the Court will send him a copy of the federal and local rules concerning motions for summary judgment.

The Court is aware that DuBois' situation may change as litigation progresses. As the Eight Circuit stated it should, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## V.   Other Motions

On May 18, 2016, DuBois filed a motion, Docket 48, which requests the same relief discussed above. Because the earlier motion has been ruled upon, DuBois second motion is denied.

DuBois also moved for an extension to refile his motion for summary judgment. Because the Court grants DuBois an extension in the present order, his motion is denied.

The Court points out that under local rule 7.1, defendants have 21 days to respond to DuBois' motions, and he has 14 days to reply to defendants' response. Therefore, if he files a motion, it takes time for the court to make a ruling. Litigation in federal court is not always fast, and DuBois refiling motions he has already filed will only protract the process.

Accordingly, it is ORDERED

1. DuBois' motion (Docket 46) is granted in part and denied in part.

5

2. His request that the Court re-send the filings in his case is denied. Defendants are granted 30 days from the date of this order to provide DuBois copies of these documents if they have not already done so.

3. DuBois' request for an extension to re-file his motion for summary judgment is granted. He will re-file his motion no later than 30 days after receiving new copies of the documents from defendants.

4. DuBois' request that he be allowed access to his medical diary is denied.

5. DuBois' motion to appoint an attorney is denied. The Clerk shall send to DuBois copies of Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 concerning motions for summary judgment.

6. DuBois' motion to appoint counsel, extend his time to correct his summary judgment motion, and to receive the filings in his case (Docket 48) is denied.

7. DuBois' motion to extend (Docket 49) is denied.

Dated June 1, 2016.

BY THE COURT:

Lawrence L. Piersol
UNITED STATES DISTRICT JUDGE